Schrag v. Schrag.

---

No. 24,291.

John J. Schrag et al., *Appellants*, v. Jacob Schrag et al., *Appellees*.

SYLLABUS BY THE COURT.

Church Membership — *Two Church Organizations — Dispute Over Church Property—Action to Set Aside Deed.* There is no rule of law that prevents a person from being a member of more than one church at the same time.

Appeal from McPherson district court; William G. Fairchild, judge. Opinion filed June 9, 1923. Affirmed.

*G. A. Stultz,* and *J. B. Bryant,* both of Wichita, for the appellants.

*P. J. Galle, James Galle,* both of McPherson, *C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

Marshall, J.: In this action, the plaintiffs, claiming to be trustees of the Hopefield Society of the Mennonite Church, seek to set aside deeds to certain real property and to compel the conveyance of that property to them as trustees of that society. Judgment was rendered declaring that defendants John J. Wedel and P. J. Schrag were the duly elected trustees of that society and quieting in the

Hopefield Society the title to the property in controversy. The plaintiffs appeal.

The case was tried without a jury, and special findings of fact and conclusions of law were made. Some fifty years ago, a number of German Mennonites settled in McPherson county. They organized a church and took out a charter under the laws of this state and called their organization the Hopefield Society of the Mennonite Church. Some years later, differences arose, the organization was divided, and another organization, known as the Hopefield Eden Society of the Mennonite Church was formed. The two organizations maintained separate churches and religious services for a number of years. They had the same beliefs, the same ceremonies, and the same plan of church organization. Recently, an effort was made to combine the two organizations. A new charter was taken out under the name of Philadelphia Mennonite Society of Moundridge, McPherson county, Kansas. The plan of unification was acceptable to a large majority of the members of each of the original organizations, but because of a difference that arose, the union of the two churches did not become effective.

The material findings of fact were as follows:

"I find that the consolidation never became effective, and that The Hopefield Society of The Mennonite Church never became merged in The Philadelphia Mennonite Church, and that the members of The Hopefield Society never severed their connection with or lost their membership in The Hopefield Society.

"I also find that John J. Wedel is a trustee and that the man that was appointed on the 14th, Peter J. Schrag, is a trustee. I am also finding that, technically, the meeting of December 29th, removing Peter C. Stucky, had no authority to act on that removal, because there was no announcement of the purpose of the special meeting. Now, a special meeting in an ordinary corporation requires a call for the specific purposes and no other act can be transacted.

"A special meeting means that it is a special meeting for a particular purpose as contradistinguished from a general meeting at which any business may come before the meeting and be transacted, then it says that a special meeting can be called so and so, and I am using it in the ordinary terms which would imply that only some particular business for which the special meeting was called for, could be transacted, and the parties would have to know. Apparently in this case they seemed to know because Mr. Stucky himself appeared, and according to his own testimony considered himself out, was out and acquiesced in it. But apparently on top of that, Goering was elected by a minority of the entire members, and while I am going to find that Stucky has voluntarily separated himself from the Hopefield Society and has voluntarily surrendered and acquiesced in the surrender of his posi-

Schrag v. Schrag.

tion as trustee, I find that there has never been a regularly elected successor, and the church can call a special meeting and elect him.

"The court further considers and finds that all of the steps taken and acts done by the defendants in the matter of the attempted consolidation of The Hopefield Society of the Mennonite Church and The Hopefield Eden Society of The Mennonite Church were taken and done tentatively in efforts to unite and consolidate said two church societies into one and with the intention and understanding that each of said two church societies and the members of each should continue in the exercise and enjoyment of all their right, privileges, and functions unless and until the consolidation of said two church societies should be consummated and completed, and in the event of the failure to accomplish such consolidation that neither of said church societies, nor the property, business or affairs, nor the membership of the same, should be in any manner changed or affected.

"The court further considers and finds that the said The Hopefield Society of The Mennonite Church and its said trustees own and hold all the real estate and other property which said Society owned and held at the commencement of the efforts and proceedings to consolidate said two church societies, and that the said plaintiffs had no right or authority to execute and record the paper and instrument which was filed by them on August 21, 1921, in the office of the Register of Deeds of McPherson County, Kansas, and recorded in Volume "H" at Page 91 of Miscellaneous Records in said office, and the court finds that said paper and instrument was and is void and of no force or effect and the same and the record thereof should be cancelled and annulled by the decree of the court herein.

"The court further considers and finds that said The Hopefield Society of The Mennonite Church and its said trustees are entitled to have the title of said church society to all its property quieted as against the said plaintiffs and all other defendants and that said plaintiffs and all other defendants should be barred and excluded from having or claiming any title to or possession or control of the same.

"It is further considered and found by the court that the defendant The Hopefield Society of The Mennonite Church, a corporation, is the owner and holder of fee title to and lawfully has the possession of the following described real estate situated in McPherson county, Kansas, to-wit: Lots One (1), Two (2), Three (3), and Four (4), and the North Seventy (70) feet of Lot Five (5) in Block Forty-six (46) in the City of Moundridge, according to the recorded plat thereof, and also a tract of about Sixty-seven (67) acres of land described as follows, to-wit, The North Seventy (70) acres of the North Half (N½) of the Southwest Quarter (SW¼) of Section Nineteen (19) in Township Twenty-one (21), Range Two (2), West of the Sixth Principal Meridian in said county and state, less three (3) acres off of the east side of said described land used for road purposes."

The judgment in part reads:

"Wherefore, it is considered, ordered, and adjudged, by the court that the defendants John J. Wedel and P. J. Schrag are duly elected, qualified, and

acting trustees, and that there are no other trustees, and that said plaintiffs are not trustees of said church corporation. . . . . . . . . . .

"It is further considered, ordered, and adjudged by the court that the title of said The Hopefield Society of The Mennonite Church to all of the above described real estate be and the same is hereby quieted as against the said plaintiffs and all defendants, except said The Hopefield Society of The Mennonite Church and its trustees, and each and all of them, and the said plaintiffs as pretended trustees, and said other defendants, and each of them are hereby barred and excluded from having or claiming to have any title to or estate in, or right to the possession or control of the said described real estate, or any part thereof or any other property of the said church corporation, except such   as are incident to membership in said church society, where that relationship exists."

The basis for the argument of the plaintiffs is that one person cannot be a member of the Hopefield Society and of the Philadelphia Society of the Mennonite Church—in other words, that one person cannot be a member of two church organizations at the same time. A person may withdraw from one church and become a member of another church, but there is no rule of law prohibiting a person from being a member of two churches at the same time. There may be rules in a church by which one ceases to be a member of that church when he becames a member of another, but no such rule was proved in this case. The evidence tended to show that there was no such rule, and that one person could be a member of two Mennonite churches.

The organization of the Philadelphia society was intended to be a unification of the two other societies. There is no rule of law, reason, or religion, prohibiting the members of the original organization from tentatively becoming members of a new organization for the purpose of bringing about a union of the two churches. When that plan failed the property of each of the old organizations remained as it was before the attempt was made.

The judgment is affirmed.